UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL BALBOSA,

                            Petitioner

                                                      23-CV-6013-FPG

v.

                                                      DECISION AND ORDER

MERRICK GARLAND, *et al*.,

                            Defendant

## INTRODUCTION

On January 4, 2023, Petitioner Michael Balbosa brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility.  ECF No. 1.  On February 23, 2023, the Government responded to the petition. ECF No. 8.  On March 20, 2023, Petitioner replied.  ECF No. 9.  Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition.  For the reasons below, the petition is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The following facts are taken from the record.  Petitioner is a native and citizen of Trinidad and Tobago.  ECF No. 8-3 at 2.  On or about March 19, 1993, Petitioner entered the United States as a non-immigrant (B2) and his status was adjusted to that of a lawful permanent resident on July 23, 2002.  ECF No. 8-4 at 1.  On October 11, 2019, Petitioner was convicted of endangering the welfare of children, storing, or maintaining child pornography.  *Id*.  On March 31, 2021, Petitioner was issued a Notice to Appear ("NTA") charging him with removability from the United States under 8 U.S.C. § 1227(a)(2)(e)(i) as a non-citizen who, after entry, has been convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment.  *Id*.

On May 26, 2021, an immigration judge ("IJ") found Petitioner removable as charged under 8 U.S.C. § 1227(a)(2)(e)(i), after a bond hearing was held on May 20, 2021. *Id*. at 4. After this decision, Petitioner filed a cancellation of removal application, which was granted by an IJ in the exercise of discretion on July 21, 2021. *Id*. The Department of Homeland Security ("DHS") appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which reversed the IJ's decision granting cancellation of Petitioner's removal. *Id*. The BIA concluded that Petitioner had not met his burden of establishing that a grant of cancellation of removal was warranted in the exercise of discretion, which resulted in Petitioner being subject to a final order of removal. *Id*. On April 21, 2022, Petitioner appealed his removal order to the Third Circuit, where it remains pending. *Id*.

Petitioner has been in immigration custody since April 5, 2021. *Id.* at 3. Immigration authorities have reviewed Petitioner's custody on four occasions: April 2021, May 2021, June 2022, and July 2022. ECF No. 8-1 at 3-4. At his first review, an IJ determined that Petitioner's continued detention was warranted because he constituted a threat to public safety if released. ECF No. 8-3 at 3. Immigration authorities declined to release Petitioner at subsequent reviews. Petitioner's only bond hearing was held in May 2021. ECF No. 8-3 at 3.

On January 4, 2023, Petitioner filed the present action. ECF No. 1. Petitioner has now been detained by immigration authorities for approximately 25 months.

## DISCUSSION

Petitioner argues that, as a matter of procedural due process, he is entitled to a bond hearing wherein the government bears the burden of justifying his detention by clear and convincing evidence based on risk of flight or dangerousness.[1] The Court agrees.

---

[1] Petitioner also raises other grounds, but the Court need not address them in light of its disposition of this claim. *See* ECF No. 1 at 30-32.

In several provisions, the Immigration and Nationality Act ("INA") authorizes the detention of aliens pending removal.  Relevant here is 8 U.S.C. § 1226, which gives immigration officials the authority to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  In other words, "section 1226 governs the detention of immigrants who are not immediately deportable."  *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018).  This includes aliens, like Petitioner, whose removal is stayed pending appeal.  *See id.*  While Section 1226(a) permits immigration authorities to release aliens pending the completion of removal proceedings, *Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018), immigration authorities require the alien, not the government, to prove that release is justified, *i.e.*, that he is not a risk of flight or danger to the community.  *See Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *9 (W.D.N.Y. Feb. 27, 2019); *Darko v. Sessions*, 342 F. Supp. 3d 429, 433 (S.D.N.Y. 2018).

The question is whether this scheme is constitutional as applied to Petitioner.  To determine whether an alien's due process rights have been violated as a result of his continued detention under Section 1226, the Court first evaluates whether the "alien [has been] held for an unreasonably long period."  *Frederick v. Feeley*, No. 19-CV-6090, 2019 WL 1959485, at *2 (W.D.N.Y. May 2, 2019) (discussing in context of detention under 8 U.S.C. § 1226(c)); *see also Hemans*, 2019 WL 955353, at *5.  If the alien has been detained for an unreasonably long period, the Court proceeds to analyze whether the alien has received sufficient process to justify his continued detention.  *Hemans*, 2019 WL 955353, at *5.

Applying this framework, the Court concludes that Petitioner is entitled to relief.

First, Petitioner's detention has been unreasonably prolonged.  He has been detained for approximately two years.  On its face, this is a significant factor favoring Petitioner; indeed, courts have granted relief to aliens who have been detained for similar periods.  *See, e.g.*, *Hemans*, 2019

3

WL 955353, at *6 (noting that detention lasting two years and three months "weigh[ed] heavily in [the petitioner's] favor"); *see also Dutt v. Nielsen*, No. 19-CV-155, ECF No. 21 at 4 (W.D.N.Y. May 7, 2019) (collecting cases for proposition that fifteen-month detention is "beyond the point at which courts find detention unreasonably prolonged").

Further, this delay appears to be attributable to the normal administrative and appeals process. Although Petitioner has filed timely appeals of his order of removal—which inevitably extended his detention—Respondents do not suggest that he has abused the processes available to him or otherwise maliciously delayed proceedings. This is significant, as the Second Circuit has made a distinction between aliens who have "substantially prolonged [their] stay by abusing the processes provided to [them]" and those who have "simply made use of the statutorily permitted appeals process." *Hechavarria v. Sessions*, 891 F.3d 49, 56 n.6 (2d Cir. 2018). In other words, pursuit of relief from removal "does not, in itself, undermine a claim that detention is unreasonably prolonged." *Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018); *see also Hemans*, 2019 WL 955353, at *6. Thus, contrary to Respondents' suggestion, the mere fact that Petitioner sought appeals of adverse agency decisions does not bar him from relief. ECF No. 9 at 11-12. Accordingly, Petitioner has passed the first step.

Second, the process that Petitioner has been afforded is constitutionally inadequate. While immigration authorities place the burden on the alien to prove that he should be released due process requires more. Specifically, the "consensus view" is that due process requires the government, not the alien, to prove continued detention is justified by clear and convincing evidence. *Darko*, 342 F. Supp. 3d at 435 (collecting cases); *see also Martinez v. Decker*, No. 18-CV-6527, 2018 WL 5023946, at *5 (S.D.N.Y. Oct. 17, 2018). Therefore, because Petitioner's detention has been unreasonably prolonged, and because he has not yet been afforded a constitutionally adequate bond hearing, his continued detention violates his due process rights.

He is entitled to relief in the form of a bond hearing with proper procedural safeguards.  Of note, Petitioner has not received a bond hearing since his first was held in May 2021, approximately two years ago.  "Once his detention has been unreasonably prolonged, an alien has a right to a new bond hearing." *Thomas v. Whitaker*, No. 18-CV-6870-FPG, 2019 WL 13217738, at *3 (W.D.N.Y. Aug. 7, 2019).

However, purely as a procedural matter, the Court agrees with Respondents that the only proper respondent is Jeffrey Searls, Officer in Charge of the ICE Buffalo Field Office.  *See* ECF No. 8-1 at 1-2 n.2.  As the "person with direct control" over Petitioner's detention, *id.*, he is the proper respondent given Petitioner's requested relief.  *See Hassoun v. Sessions*, No. 18-CV-586, 2019 WL 78984, at *7 (W.D.N.Y. Jan. 2, 2019) ("The majority view in the Second Circuit requires the immediate custodian, generally the prison warden, to be named as a respondent in core immigration habeas proceedings—*i.e.*, those challenging present physical confinement." (quotation omitted)).

## CONCLUSION

For the foregoing reasons, Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED IN PART and DENIED IN PART.  The petition is granted against Respondent Searls and is denied with respect to the remaining respondents.

By June 7, 2023, Respondent Searls shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on risk of flight or danger to the community.  If a bond hearing is not held by June 7, 2023, Respondent Searls shall release Petitioner immediately with appropriate conditions of supervision. By June 9, 2023, Respondent Searls shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that

Petitioner was released with appropriate conditions of supervision.  The Clerk of Court is directed to enter judgment and close this case.

      IT IS SO ORDERED.

Dated: May 23, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York

6